**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADEL ALI ALI ALSOOFI, | No. 06-73204 |
| Petitioner, | Agency No. A079-635-241 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010**

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

Adel Ali Ali Alsoofi, a native and citizen of Yemen, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"), and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and we review for substantial evidence factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we review for abuse of discretion the denial of a motion to remand, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The record does not compel the conclusion that Alsoofi established extraordinary or changed circumstances that excuse the untimely filing of his asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4),(5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Alsoofi's asylum claim fails.

Substantial evidence supports the BIA's determinations that the threats Alsoofi experienced in Yemen and the murder of his mother's relatives did not rise to the level of persecution and that he failed to establish a clear probability of future persecution. *See Lim v. INS*, 224 F.3d 929, 936-39 (9th Cir. 2000) (threats did not demonstrate past persecution or establish clear probability of future persecution); *see also Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (requiring "pattern of persecution closely tied to the petitioner" where violence against family members is basis of claim). Accordingly, Alsoofi's withholding of removal claim fails.

06-73204

Substantial evidence supports the BIA's denial of CAT relief because Alsoofi did not show a likelihood of torture if returned to Yemen. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Alsoofi's motion to remand because he failed to submit evidence of a bona fide marriage. *See Malhi v. INS*, 336 F.3d 989, 993-95 (9th Cir. 2003) (upholding denial of motion to reopen where petitioner failed to demonstrate prima facie case of bona fide marriage).

Contrary to Alsoofi's contentions, the BIA did not impose a new evidentiary requirement, *see* 8 C.F.R. § 1208.4(a)(2)(i)(B), or fail adequately to address his claim of changed circumstances, *see Fernandez v. Gonzales*, 439 F.3d 592, 603-04 (9th Cir. 2006). Accordingly, Alsoofi's due process contentions fail.

**PETITION FOR REVIEW DENIED.**